MEMORANDUM *
Redwood Trust (“Redwood”) appeals the Bankruptcy Appellate Panel’s (“BAP”) af *376 firmance of a bankruptcy court order approving a compromise, arguing that the bankruptcy court failed to consider the relevant factors under Martin v. Kane (In re A & C Props.), 784 F.2d 1377, 1381 (9th Cir.1986), to determine that the compromise was “fair and equitable.” We agree with the BAP and affirm.
As a preliminary matter, the bankruptcy court did not abuse its discretion in determining that Redwood had standing. Despite some ambiguities, the debtor’s name on the amended petition matched the name of the grantor in the document establishing the Redwood Trust. Thus, if the bankruptcy trustee (“Trustee”) successfully prosecuted the adversary lawsuit, Redwood stood to benefit. Consequently, Redwood has standing as an aggrieved party because the settlement could “diminish [its] property ... [and] detrimentally affect its rights.” Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir.1999).
Nor does Redwood’s failure to file a proof of claim or interest preclude its ability to pursue this appeal. As the BAP noted, Rule 3002 of Bankruptcy Procedure does not specify a deadline for filing a proof of interest; it only specifies a deadline for filing a proof of claim. See Fed. R. Bankr.P. 3002(a), (c). Similarly, the bankruptcy court’s August 4, 2003 order never set a deadline for those with an equity interest to submit a proof of interest.
On the merits, there was no abuse of discretion in approving the compromise. In re A & C Properties requires the consideration of four factors: (1) probability of success in litigation, (2) difficulty (or lack thereof) in obtaining collection, (3) complexity, expense, and delay attendant to litigation, and (4) interest of the creditors. See 784 F.2d at 1381. Even where a bankruptcy court fails to explicitly enumerate the factors, however, “[w]here the record supports approval of the compromise, the bankruptcy court should be affirmed.” Id. at 1383.
In the bankruptcy court’s July 12, 2006 order, it specifically stated: “the Court has considered: (a) the probability of success in litigation, (b) the complexity of the litigation, including, but not limited to the administrative costs involved in pursuing the litigation and the attendant delay in closing the bankruptcy cases and (c) the best interests of creditors of the estate.” Moreover, the court expounded even further on the probability of success in litigation, remarking, “there is a significant possibility that, at trial, the Trustee would lose and get absolutely zero.” This factor weighs heavily in favor of settlement.
Even if there would be no difficulty in obtaining collection under the second factor, the remaining factors weigh in favor of settlement. With respect to the third factor, the complexity of the case is evident in the bankruptcy court’s reference to the “credibility issues that would accompany the trial.” Additionally, the litigation was highly contentious, increasing its complexity and expense.
The risk of low recovery also weighs in favor of settlement under the fourth factor, since creditors were guaranteed $600,000 under the settlement. Even if the court found that a partnership existed between the debtor and Gerald Rubin, there was a risk that the estate would not recover a significant portion of the assets of that partnership after accounting, given Rubin’s contention that he contributed in excess of $7,500,000 to the property, which Redwood estimated to be worth between *377 $7,500,000 and $9,000,000. Of course, if the Trustee lost, there would be nothing to collect.
In summary, as the BAP noted, the bankruptcy court was well acquainted with the litigation that was being settled and the merits of that litigation, and did not abuse its discretion in approving the settlement. Cf. In re A & C Properties, 784 F.2d at 1383.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *376 by Ninth Circuit Rule 36-3.